# Commonwealth v. Beidleman.

The method to obtain jurisdiction in cases of summary conviction ..s prescribed by the Act of June 4, 1897, P. L. 121, is either by arrest or service of summons. Where the record does not show that either of these courses was pursued, the proceedings will be reversed.

THE RECORD OF A JUSTICE OF THE PEACE—BOROUGH—SUMMARY CONVICTION—JURISDICTION.

Certiorari.

No. 52, September Term, 1902, C. P. of Northampton Co.

W. E. Doster, Esq., for Commonwealth.

Geo. R. Booth, Esq., for Defendant.

Opinion by SCHUYLER, P. J., Nov. 17, 1902.

It is one of the essentials of a summary conviction that "there must be a record of the whole proceedings, wherein the Justice must set forth the particular manner and circumstances, so as if he be called to account for the same by a superior court it may appear that he has conformed to the law, and not exceeded the bounds prescribed to his jurisdiction"; Com. v. Borden, 61 Pa. 275. As a corollary to what is here said, it has been ruled that "nothing essential to the jurisdiction is to be presumed"; Pittston v. Diamond, 4 Dist. Rep. 200. Tested by these authorities, had the Justice jurisdiction over the present defendants? All that the record shows is that they "were before" the Justice "on oath of H. J. Reuter." How they happened to be there is left to conjecture. For all that appears, their presence may have been purely voluntary which, as consent cannot give jurisdiction, would not have been enough. The method to obtain jurisdiction in such cases is prescribed by Act of June 4, 1897, P. L. 121, to be either by arrest, or service of a summons. As the record does not show that either of these courses was pursued in the present case, the defendant's third exception must be sustained. Having reached this conclusion, it will be unnecessary to discuss the other exceptions.

Proceedings reversed.